IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF ALABAMA
NORTHERN DIVISION

| | | |
|---|---|---|
| MICHAEL L. RABORN, #237 412, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | CIVIL ACTION NO. 2:20-CV-893-WHA-JTA |
| | ) | [WO] |
| SOUTHERN HEALTH PARTNERS, *et al.*, | ) | |
| | ) | |
| Defendants. | ) | |

## RECOMMENDATION OF THE MAGISTRATE JUDGE

Plaintiff, Michael Raborn ["Raborn"], an indigent inmate incarcerated at the Covington County Jail in Andalusia, Alabama, brings this *pro se* 42 U.S.C. § 1983 action for damages against Sheriff Blake Turman, Southern Health Partners, and Andalusia Health Care.  Raborn alleges he was subjected to excessive force during an arrest on May 13, 2020, by a drug task force.  Raborn sustained injuries during the arrest and complains that Defendant Turman violated his constitutional rights by denying him medical care and treatment for his injuries and denied him the right to press charges.  Upon review, the court concludes dismissal of the complaint against Southern Health Partners and Andalusia Health Care prior to service of process is appropriate under 28 U.S.C. § 1915A.

### I. STANDARD OF REVIEW

The Prison Litigation Reform Act, as partially codified at 28 U.S.C. § 1915A, requires this court to screen complaints filed by prisoners against government officers or employees as early as possible in the litigation.  The court must dismiss the complaint or any portion thereof that it finds frivolous, malicious, seeks monetary damages from a defendant immune from monetary relief, or which states no claim upon which relief can be granted.  28 U.S.C. §1915A(b)(1) & (2).  Under §

1915A(b)(1) the court may dismiss a claim as "frivolous where it lacks an arguable basis in law or fact." *See Neitzke v. Williams*, 490 U.S. 319, 325 (1989). A claim is frivolous when it "has little or no chance of success," that is, when it appears "from the face of the complaint that the factual allegations are clearly baseless or that the legal theories are indisputably meritless." *Carroll v. Gross*, 984 F.2d 392, 393 (11th Cir. 1993). A claim is frivolous as a matter of law where, *inter alia*, the defendants are immune from suit, *id*. at 327, the claim seeks to enforce a right that clearly does not exist, *id*., or an affirmative defense would defeat the claim, such as the statute of limitations, *Clark v. Georgia Pardons & Paroles Bd*., 915 F.2d 636, 640 n.2 (11th Cir. 1990). Courts are accorded "not only the authority to dismiss [as frivolous] a claim based on indisputably meritless legal theory, but also the unusual power to pierce the veil of the complaint's factual allegations and dismiss those claims whose factual contentions are clearly baseless." *Neitzke*, 490 U.S. at 327.

The court may dismiss a complaint, or any portion thereof, under 28 U.S.C. § 1915A(b)(1) for failure to state a claim upon which relief may be granted. Dismissal under § 1915A(b)(1) may be granted "only if it is clear that no relief could be granted under any set of facts that could be proved consistent with the allegations." *Hishon v. King & Spalding*, 467 U.S. 69, 73 (1984) (*citing Conley v. Gibson*, 355 U.S. 41, 45-46 (1957)). A review on this ground is governed by the same standards as dismissals for failure to state a claim under Rule 12(b)(6) of the Federal Rules of Civil Procedure. *See Jones v. Bock*, 549 U.S. 199, 215 (2007). To state a claim upon which relief may be granted, "a complaint must contain sufficient factual matter, accepted as true, to state a claim to relief that is plausible on its face." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quotation marks omitted). To state a claim to relief that is plausible, the plaintiff must plead factual content that "allows the court to draw the reasonable inference that the defendant is liable for the misconduct

alleged." *Id.*  The allegations should present a "'plain statement' possess[ing] enough heft to 'show that the pleader is entitled to relief.'"  *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544,  557 (2007). "Threadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice."  *Iqbal,* 556 U.S. at 678.  When a successful affirmative defense, such as a statute of limitations, appears on the face of a complaint, dismissal for failure to state a claim is also warranted.  *Jones*, 549 U.S. at 215.

*Pro se* pleadings "are held to a less stringent standard than pleadings drafted by attorneys" and are liberally construed.  *Boxer X v. Harris*, 437 F.3d 1107, 1110 (11th Cir. 2006).  However, they "must be enough to raise a right to relief above the speculative level."  *Twombly*, 550 U.S. at 555.

## II.  DISCUSSION

### A.    The Named Defendants

Raborn brings this action alleging Defendant Turman failed to provide him with adequate medical care and treatment for injuries sustained during his arrest on May 13, 2020, and failed to allow him to press charges, presumably against the law enforcement officials who arrested him. In addition to naming Sheriff Turman as a defendant, Raborn files suit against Southern Health Partners and Andalusia Health Care.  Other than naming Southern Health Partners and Andalusia Health Care as defendants, however, Raborn makes no allegations of wrongdoing against these entities.  Thus, missing from Raborn's contentions is any allegation that Defendants Southern Health Partners and Andalusia Health Care were personally engaged in the alleged unconstitutional conduct about which he complains.  This Circuit has held that a court properly dismisses defendants where a prisoner, other than naming the defendant in the caption, states no allegations that associate the defendants with the alleged constitutional violation.  *Douglas v.*

*Yates*, 535 F.3d 1316, 1322 (11th Cir. 2008) (*citing Pamel Corp. v. P.R. Highway Auth.*, 621 F.2d 33, 36 (1st Cir. 1980) ("While we do not require technical niceties in pleading, we must demand that the complaint state with some minimal particularity how overt acts of the defendant caused a legal wrong.")); *see also Potter v. Clark*, 497 F.2d 1206, 1207 (7th Cir. 1974) (*per curiam*); *see also Iqbal*, 556 U.S. at 678 (quotation marks and citation omitted) (finding that "a complaint [does not] suffice if it tenders naked assertion[s] devoid of further factual enhancement.").  Because Raborn has identified no affirmative action taken by Defendants Southern Health Partners and Andalusia Health Care, and therefore, asserts no connection between the conduct complained of and the actions of these defendant regarding the alleged unconstitutional deprivations about which he complains, his complaint against these defendants is subject to dismissal for failure to state a claim under 28 U.S.C. § 1915A(1)(b).

**B.    Criminal Charges**

Raborn complains that Defendant Turman has failed to allow him to press charges against law enforcement officials who subjected him to arrest in May of 2020.  Raborn, however, does not have a constitutional right to see his alleged persecutors punished for their conduct.  "[A] private citizen lacks a judicially cognizable interest in the prosecution or non-prosecution of another." *Linda R. S. v. Richard D.*, 410 U.S. 614, 619 (1973); *Nelson v. Skehan*, 386 F. App'x 783, 786 (10th Cir. 2010) (holding that plaintiff has no constitutional right to have a defendant prosecuted); *Napier v. Baron*, 198 F.3d 246, 1999 WL 1045169, *1 (6th Cir. 1999) (holding that "the district court properly dismissed [Plaintiff's] complaint as frivolous . . . [because] contrary to [his] belief, he does not have a constitutional right to have a particular person criminally charged and prosecuted."); *see also Rockefeller v. United States Court of Appeals Office for Tenth Circuit Judges*, 248 F. Supp. 2d 17, 23 (D. D.C 2003) (finding that criminal statutes "do not convey a

private right of action."); *Risley v. Hawk*, 918 F. Supp. 18, 21 (D.D.C. 1996), *aff'd*, 108 F.3d 1396 (D.C. Cir. 1997) (finding no private right of action exists under federal statute criminalizing conspiracies to deprive an individual of his constitutional rights); *Gipson v. Callahan*, 18 F. Supp. 2d 662, 668 (W.D. Tex 1997) ("Title 18 U.S.C. § 242 makes it a crime to willfully deprive persons under color of law of their rights under the Constitution or laws of the United States.  The statute does not create a private cause of action.  *Powers v. Karen*, 768 F. Supp. 46, 51 (E.D.N.Y. 1991), *aff'd*, 963 F.2d 1552 (2d Cir. 1992); *Dugar v. Coughlin*, 613 F. Supp. 849, 852 n.1 (S.D.N.Y. 1985).").  Accordingly, Raborn's challenge to Defendant Turman's denial of his request to institute criminal charges against the law enforcement officials who subjected him to arrest is premised upon the violation of a legal interest which clearly does not exist and is, therefore, subject to dismissal as frivolous under  28 U.S.C. § 1915A(b)(1).

## III. CONCLUSION

Accordingly, it is the RECOMMENDATION of the Magistrate Judge that:

1.  Plaintiff's complaint against Defendants Southern Health Partners and Andalusia Health Care be DISMISSED without prejudice prior to service of process under 28 U.S.C. § 1915A(b)(1).

2.  Plaintiff's prosecution claim against Defendant Turman be DISMISSED with prejudice prior to service of process under 28 U.S.C. § 1915A(b)(1).

3.  Defendants Southern Health Partners and Andalusia Health Care be TERMINATED as parties to the complaint.

4.  This case be referred to the undersigned for further proceedings.

**On or before November 19, 2020**, Plaintiff may file an objection to the Recommendation. Plaintiff is advised he must specifically identify the factual findings and legal conclusions in the Recommendation to which objection is made.  Frivolous, conclusive, or general objections will

not be considered by the court.  This Recommendation is not a final order and, therefore, it is not appealable.

Failure to file a written objection to the proposed factual findings and legal conclusions in the Recommendations of the Magistrate Judge shall bar a party from a *de novo* determination by the District Court of these factual findings and legal conclusions and shall "waive the right to challenge on appeal the District Court's order based on unobjected-to factual and legal conclusions" except upon grounds of plain error if necessary in the interests of justice.  11TH Cir. R. 3-1; *see Resolution Trust Co. v. Hallmark Builders, Inc.*, 996 F.2d 1144, 1149 (11th Cir. 1993) ("When the magistrate provides such notice and a party still fails to object to the findings of fact [and law] and those findings are adopted by the district court the party may not challenge them on appeal in the absence of plain error or manifest injustice."); *Henley v. Johnson*, 885 F.2d 790, 794 (11th Cir. 1989).

DONE this 4th day of November, 2020.

/s/ Jerusha T. Adams
JERUSHA T. ADAMS
UNITED STATES MAGISTRATE JUDGE