IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF ALABAMA
NORTHERN DIVISION

| | | |
|---|---|---|
| MICHAEL L. RABORN, #237 412, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | CASE NO. 2:20-cv-893-JTA |
| | ) | |
| BLAKE TURMAN, | ) | (WO) |
| | ) | |
| Defendant. | ) | |

## **MEMORANDUM OPINION AND ORDER**

Plaintiff Michael Raborn filed this 42 U.S.C. § 1983 action, proceeding *pro se*, on November 3, 2020. (Doc. No. 1.) On the following day, the Court entered an Order of Procedure directing the defendant to file an Answer and Written Report and informing the plaintiff that he must immediately inform the Court of any new address and that failure to do so within ten (10) days following any change of address would result in the dismissal of this action. (Doc. No. 4.) The docket reflects that the plaintiff received the Order.

A few months later, the plaintiff complied with the Order by informing the Court of his new address. (Doc. No. 17.) During the subsequent months, the plaintiff filed a response in opposition to the defendant's Written Report (Doc. No. 23) and filed numerous motions (Docs. No. 21, 24). However, on January 24, 2022, the plaintiff's copy of an Order entered January 6, 2022 (Doc. No. 30) was returned to the Court marked as undeliverable because the plaintiff is no longer housed at the last service address he provided. In response, the Court entered an Order on January 26, 2022, requiring that by February 4, 2022, the plaintiff show cause why this case should not be dismissed for his

failure to adequately prosecute this action. (Doc. No. 31.) The Order specifically informed the plaintiff the administration of this case could not proceed if his whereabouts remained unknown and informed him his failure to comply with its directives would result in dismissal of this case. (*Id*.) Unsurprisingly, the plaintiff's copy of that Order was returned to the Court on February 18, 2022, marked as undeliverable.

Because of the plaintiff's failure to comply with the Court's orders, the undersigned concludes this case should be dismissed without prejudice. *Moon v. Newsome*, 863 F.2d 835, 837 (11th Cir. 1989) (As a general rule, where a litigant has been forewarned, dismissal for failure to obey a court order is not an abuse of discretion.). The authority of courts to impose sanctions for failure to prosecute or obey an order is longstanding and acknowledged by Rule 41(b) of the Federal Rules of Civil Procedure. *See Link v. Wabash R.R. Co.*, 370 U.S. 626, 629–30 (1962). This authority empowers the courts "to manage their own affairs so as to achieve the orderly and expeditious disposition of cases." *Id*. at 630–31; *Mingo v. Sugar Cane Growers Co-Op of Fla.*, 864 F.2d 101, 102 (11th Cir. 1989) (holding that "[t]he district court possesses the inherent power to police its docket."). "The sanctions imposed [upon dilatory litigants] can range from a simple reprimand to an order dismissing the action with or without prejudice." *Id*.

For the foregoing reasons, it is

ORDERED that this case is dismissed without prejudice.

A final judgment will be entered separately.

DONE this 23rd day of February, 2022.

/s/ Jerusha T. Adams
JERUSHA T. ADAMS
UNITED STATES MAGISTRATE JUDGE